■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered April 25, 1984, convicting him of robbery in the first degree (two counts) and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit in the defendant's contention that the trial court erred when it rejected his request that the jury be instructed on the lesser-included offense of robbery in the second degree. By no reasonable view of the evidence presented could the jury have concluded that the gun displayed was "not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]), thereby warranting the instruction on the lesser charge (see, People v Gilliard, 72 NY2d 877; People v Cotarelo, 71 NY2d 941; CPL 300.50 [1]; see generally, People v Lopez, 73 NY2d 214, 219-220). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCA ROSA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 16, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court's remarks to the jury improperly shifted the burden of proof has not been preserved for appellate review (see, CPL 470.05 [2]); People v Jones, 173 AD2d 487; People v Murray, 137 AD2d 768). In any event, we find that, as a whole, the court's charge properly conveyed to the jury the correct standard of proof (see, People v Jones, supra; People v Jones, 166 AD2d 722; People v Joyce, 157 AD2d 747). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.