■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SIMMONS, Appellant. [612 NYS2d 136] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 17, 1992, convicting defendant, after a jury trial, of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The trial court properly denied defendant's request to submit the lesser included offense of attempted robbery in the second degree since the evidence adduced at trial clearly demonstrated that he displayed a firearm when he attempted to rob the complainant *(People v Glover,* 57 NY2d 61, 64; *see, People v Rivera,* 185 AD2d 367).

Defendant's ·challenge to the court's *Sandoval* ruling is not preserved as a matter of law *(People v Mendez,* 197 AD2d 485), and we decline to review it in the interest of justice. If we

were to review it, we would find that it was not an abuse of discretion to allow the prosecutor to ask defendant whether he had been convicted of four prior felonies while disallowing inquiry concerning their nature so that the jury would not learn that three of them were robbery-related *(see, supra)*.

Defendant's other claim, that he was denied a fair trial when a prosecution witness, in response to a question, remarked about defendant's probation status, is without merit since there is no significant probability that the jury would have acquitted him had it not heard the challenged answer *(see, People v Ashford,* 190 AD2d 886, *lv denied* 81 NY2d 1069). Although the court immediately instructed the jury to disregard the response, defense counsel later refused further curative instructions when he moved for a mistrial. Since there were available less drastic means to cure any claimed prejudice, defendant should not now be heard to complain about it *(People v Young,* 48 NY2d 995, 996; *People v Tolbert,* 202 AD2d 171). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.