Judgment, Supreme Court, New York County (Renee A. White, J., at speedy trial motion; Lewis Bart Stone, J., at jury trial and sentencing), rendered December 20, 2011, convicting defendant, of robbery in the second degree, and sentencing him to a term of 10 years, unanimously affirmed.
Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict *412 was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility and identification. We find that the surveillance videotape and cell phone records tend to corroborate, rather than undermine, the victim’s testimony. The evidence established that defendant used or threatened the use of force for the purpose of stealing money (see Penal Law § 160.00; People v Smith, 79 NY2d 309 [1992]).
The court properly denied defendant’s speedy trial motion. Regardless of whether defendant’s CPL 30.30 (2) (a) motion for release is rightly considered a “pre-trial motion” for the purpose of computing excludable time under CPL 30.30 (4) (a), the maximum possible includable time falls short of the 184 days necessary to qualify for dismissal in this case. When the court denied the release motion on May 10, 2011, the People requested a 14-day adjournment to May 24, 2011. The court adjourned the case to May 31, 2011 due to its calendar congestion. The seven days beyond the 14-day adjournment the People requested were properly excluded (see People v Urraea, 214 AD2d 378 [1st Dept 1995]). The court also properly excluded the period from September 6 to September 13, 2011. The People requested only a two-day adjournment, after which their detective would be available. It was defense counsel’s intervening vacation and related request for an adjournment from August 19 until September 6 that caused the matter to be adjourned until September 13, 2011, after the detective’s vacation (People v Jenkins, 286 AD2d 634 [1st Dept 2001], lv denied 97 NY2d 683 [2001]). Based on the above, the total includable time was 181 out of the 184 days in which the People were required to be ready for trial.
We perceive no basis for reducing the sentence.
Concur— Renwick, J.P, Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.