■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERIF RIZK, Appellant. [46 NYS3d 526]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 8, 2014, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of three years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of two years, with 1½ years' postrelease supervision, and otherwise affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). To the extent that questions may be raised concerning the reliability of the trial witnesses and the credibility of their testimony, great deference must be accorded to the jury's findings because the jury had an "opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490, 495 [1987]). The surveillance video corroborates the complaining witness's testimony, and thus there is no need to disturb the jury's determination regarding the identification of defendant (see People v Alvarez, 117 AD3d 411, 412 [1st Dept 2014], lv denied 23 NY3d 1059 [2014]).

Late disclosure of 21 seconds of the outdoor surveillance videotape was not prejudicial to defendant, as that portion of the videotape "is simply not exculpatory or helpful to the

defense in any way" (see *People v Mingo*, 141 AD3d 423, 423 [1st Dept 2016]). Defendant's claim that the prosecution failed to disclose a second outdoor surveillance videotape is unpreserved, as defendant failed to request any remedy as to such failure (*People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Rogelio*, 79 NY2d 843, 844 [1992]).

Defendant's claim that he was denied a fair trial by the prosecution's improper cross-examination of a character witness is without merit. The prosecutor inquired of the character witness whether he had heard that defendant had taken cell phone videos of himself and his friends pouring hot sauce into the ears of sleeping homeless people. The witness responded that he had "never heard anything like that." Outside the presence of the jury, the defense counsel moved for a mistrial, and the prosecutor represented to the trial court that the videos to which her line of inquiry referred had been recovered both from defendant's cell phone and from another cell phone belonging to a codefendant.

The following day, the prosecutor reported to the trial court that she had been mistaken, and that the videos in question had been recovered only from the cell phone belonging to the codefendant. Defense counsel again moved for a mistrial, which motion the trial court denied. The trial court then gave extensive curative instructions to the jury to the effect that there was no such video contained on defendant's cell phone and that the jury should disregard the entire exchange concerning the nonexistent video. The curative instructions were sufficient to alleviate any prejudice to defendant, and his defense counsel did not make an immediate application seeking further or more complete instructions (*People v Santiago*, 52 NY2d 865, 866 [1981]). The fact that the character witness answered the prosecutor's question was not prejudicial to defendant, since the witness denied hearing any such report and "there is no significant probability that the jury would have acquitted [defendant] had it not heard the challenged answer" (*People v Simmons*, 204 AD2d 214, 215 [1st Dept 1994], *lv denied* 84 NY2d 872 [1994]). Moreover, this is not a case in which reversal and a new trial is warranted in light of multiple trial errors that, taken cumulatively, deprived the defendant of the right to a fair trial (*cf. People v Calabria*, 94 NY2d 519, 522-523 [2000]; *People v Cavallerio*, 71 AD2d 338 [1st Dept 1979]).

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.