*472
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 This is a defendant’s appeal to this Court from an order sustaining a trial court denial of suppression of evidence and affirming an ensuing conviction on a guilty plea. We agree with the Appellate Division majority and dissent only to the extent that they unanimously reject the authority of the New Jersey police officers to execute New Jersey or Federal arrest warrants in New York State, under the circumstances presented by this case. Because that resolution removes the only reviewable predicate for a lawful arrest, a reversal is mandated.
 

 The People, as respondent in this Court and at the Appellate Division, offer alternative grounds for the lawfulness of the arrest, and for an affirmance result. We are constrained, however, to reverse the Appellate Division order affirming defendant’s conviction, and to remit the matter to Supreme Court for further proceedings. In the unusual procedural posture of this case, the alternative grounds proffered here, and utilized at the Appellate Division, are beyond the statutory review powers of each tribunal.
 

 Defendant was arrested on the fire escape outside his New York City apartment by four police officers of the City of Paterson, New Jersey. They possessed New Jersey and Federal arrest warrants for crimes committed in New Jersey at some prior time. Two of the officers knocked on the apartment door and identified themselves as police. This announcement apparently precipitated defendant’s flight to the fire escape, where he was ultimately apprehended by a third officer stationed outside and one floor below. Immediately after the arrest, the officers entered defendant’s apartment, where they observed and seized plastic bags of cocaine and drug paraphernalia. Defendant and the contraband were turned over to the New York City Police Department.
 

 The District Attorney of New York County indicted defendant on two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of criminally using drug paraphernalia in the second degree (Penal Law § 220.50). Defendant moved to sup
 
 *473
 
 press the evidence seized from his apartment as the fruit of an unlawful arrest.
 

 Following a suppression hearing, Supreme Court denied the motion (159 Misc 2d 751). The trial court determined that, although the New Jersey officers lacked authority to execute their State’s arrest warrant in New York, they licitly executed the Federal warrant here. Because the arrest was found lawful, the evidence was also deemed justifiably seized under the plain view exception. Defendant then pleaded guilty to criminal possession of a controlled substance in the third degree.
 

 The Appellate Division, with two Justices dissenting, affirmed the conviction and upheld the denial of suppression, but on a different basis (235 AD2d 93). The majority rejected the trial court’s conclusion that the officers were authorized to execute the Federal arrest warrant in New York. Instead, in a thorough opinion, it sustained the denial of suppression on an alternative ground — that the New Jersey police effected an authorized citizen’s arrest pursuant to CPL 570.34, a ground explicitly rejected by Supreme Court. One of the dissenting Justices at the Appellate Division granted defendant leave to appeal to this Court. The correspondingly thorough dissenting opinion would have reversed, rejected all arguments in favor of the arrest, and suppressed the evidence (235 AD2d 93, 100-109,
 
 supra).
 

 The People try to rebut the thrust of defendant’s appeal in this Court by again tendering a kaleidoscope of arguments supporting denial of suppression and affirmance of the conviction. They contend either that the arrest was valid pursuant to the Federal arrest warrant; or that the officers were acting as agents of the New York City Police Department at the time of the arrest; or that the arrest was a valid citizen’s arrest pursuant to CPL 570.34, and that, even if the arrest was unauthorized, the exclusionary rule should not apply in these circumstances.
 

 This Court’s review is limited by statute to the Federal warrant issue in these procedural circumstances — as is the Appellate Division’s (CPL 470.35 [1]; 470.15 [1];
 
 see, People v Romero,
 
 91 NY2d 750, 753-754;
 
 People v Goodfriend,
 
 64 NY2d 695, 697-698).
 

 The alternative issues, albeit potentially relevant, and even independently dispositive, were not properly prescribed for review on defendant’s appeal to the Appellate Division. CPL 470.15 (1) provides that the Appellate Division can review only
 
 *474
 
 errors or defects that “may have adversely affected the appellant” in the criminal court (CPL 470.15 [1];
 
 see, People v Romero, supra,
 
 at 753-754;
 
 People v Goodfriend, supra,
 
 at 697-698). This Court has construed CPL 470.15 (1) as a legislative restriction on the Appellate Division’s power to review issues either decided in an appellant’s favor, or not ruled upon, by the trial court (see,
 
 People v Romero, supra,
 
 at 753-754;
 
 People v Goodfriend, supra,
 
 at 697-698). That constraint concomitantly narrows this Court’s powers when considered within our own statutorily prescribed regimen.
 

 Upon an appeal to this Court from an intermediate court order
 
 affirming
 
 a judgment, sentence or order of a criminal court, this Court may consider and determine only questions of law which were raised or considered upon the appeal to the intermediate appellate court, or involve alleged error or defect in the criminal court proceeding resulting in the original criminal court judgment, sentence or order
 
 (see,
 
 CPL 470.35 [1]). This limitation is not a standard preservation permutation. Rather, a threshold prescription of the legislative devolution of powers to the respective appellate courts is the precise, core problem here. Curiously, the range of available relief is not only different but also more flexible when an appeal arrives on this Court’s docket in a
 
 reversal
 
 procedural mode (CPL 470.35 [2]).
 

 These limitations allow only the Federal warrant issue to be before this Court under these circumstances. Any other facet of the case cannot be said to have led to suppression or to the ultimate judgment of conviction, as those other issues were either decided in defendant’s favor or not ruled on by the suppression court (CPL 470.35 [1]).
 

 Moreover, the alternative grounds for affirmance advanced by the People were not properly “raised or considered” at the Appellate Division (CPL 470.35 [1]) because the Federal arrest warrant issue was the only issue decided
 
 adversely
 
 to defendant at the trial court (CPL 470.15 [1]). It alone constituted the
 
 ratio decidendi
 
 for upholding the legality of the arrest and denying the suppression of evidence. The Appellate Division’s review, therefore, is confined to that issue alone, as is ours.
 

 Once the Appellate Division rejected — unanimously in that respect — the nisi prius court’s Federal warrant basis for the arrest, that intermediate appellate court was left with little alternative but to reverse the denial of suppression and remit the case to Supreme Court for further proceedings. In these unusual circumstances, the People might be able to seek
 
 *475
 
 reexamination of the alternative suppression justifications that have been part of this case since its onset, either before the nisi prius court on the remittal or, depending on the nature and configuration of eventual new rulings there, on an ensuing appeal (see,
 
 People v Goodfriend, supra,
 
 at 698).
 

 We are concerned that the fragmented movement up and down for resolution concerning a core issue is less than holistic. In these circumstances, the procedural circuity also contradicts the nostrum that a court should be able to preserve a result from a lower court by sometimes applying an independent alternative rationale where, as here, the issue was properly raised before the nisi prius court. While that tool can still be an available tool for comprehensive handling of cases and fair administration of justice, the exceptional procedural twist exposed again by the instant case blocks that sensible management of this case. Since the anomaly rests on unavoidable statutory language, any modification would be for the Legislature to change, if it so wishes.
 

 Turning then to the only issue before us and the only ground for or against suppression that may be reviewed, we agree with the unanimous analysis of the Appellate Division. Supreme Court erred in determining that the New Jersey officers were authorized to execute the Federal arrest warrant in New York, under the record circumstances presented in this case. Federal Rules of Criminal Procedure, rule 4 (d) (1) provides that a Federal warrant can be executed by a Federal Marshal or “by some other officer authorized by law.” The New Jersey officers were not Federal Marshals, nor were they, de jure or de facto, authorized as Federal equivalent officers in these circumstances.
 

 Looking to New York law to determine whether the New Jersey officers were authorized to arrest defendants through the Federal process they possessed
 
 (see, United States v Bowdach,
 
 561 F2d 1160, 1168;
 
 cf., United States v Di Re,
 
 332 US 581), we discover no State common-law predicate for a Federal tie-in authority. Indeed, the sparse case law available indicates that only an officer specially authorized to make arrests in New York can execute a Federal warrant in New York for New York prosecution purposes
 
 (see, People v Floyd,
 
 56 Misc 2d 373,
 
 affd
 
 33 AD2d 795,
 
 revd on other grounds
 
 26 NY2d 558). Out-of-State police officers may be authorized to make arrests in New York, but generally only when they are in hot pursuit, concededly not the case here
 
 (see,
 
 CPL 140.55).
 

 
 *476
 
 Next, we note that the New Jersey officers were not authorized by any New York statute to execute the Federal warrant in New York. CPL 120.60 provides that warrants can be executed only by a police or peace officer and the New Jersey officers do not so qualify (see, CPL 1.20 [33], [34]; 2.10, 120.60).
 

 Having concluded that the only issue decided adversely to defendant at Supreme Court was decided incorrectly at that level, we reverse and remit to Supreme Court for such further proceedings, as may be appropriate
 
 (cf., People v Goodfriend, supra,
 
 at 698).
 

 Accordingly, the order of the Appellate Division should be reversed, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.