[967 NE2d 695, 944 NYS2d 470]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TECOY INGRAM, Appellant.

Argued February 9, 2012; decided March 29, 2012

## APPEARANCES OF COUNSEL

*Mitchell Goris Stokes & O'Sullivan, LLP*, Cazenovia (*Stewart F. Hancock, Jr.*, of counsel), and *Hiscock Legal Aid Society*, Syracuse (*Philip Rothschild* and *Piotr Banasiak* of counsel), for appellant.

*William J. Fitzpatrick, District Attorney*, Syracuse (*James P. Maxwell* and *Victoria M. White* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.

CPL 470.15 (1) precludes the Appellate Division from reviewing an issue that was either decided in an appellant's favor or was not decided by the trial court (*see People v Concepcion*, 17 NY3d 192 [2011]; *People v LaFontaine*, 92 NY2d 470 [1998]). In an appeal from an Appellate Division affirmance, CPL 470.35 (1) grants us no broader review power than that possessed by the Appellate Division. Here, without addressing the validity of Supreme Court's rationale, the Appellate Division resolved defendant's suppression application on a theory not reached by the suppression court.

PIGOTT, J. (dissenting). For the reasons that Judge Smith stated in his dissent in *People v Concepcion* (17 NY3d 192, 201-207 [2011]), I remain convinced that *People v LaFontaine* (92 NY2d 470 [1998]) should be overruled. The majority thinks differently, and I would be constrained to accept their view of this case, except that *LaFontaine* clearly does not apply here.

In *LaFontaine*, the trial court and Appellate Division found

contrary rationales for denying a suppression motion. The trial court concluded that New Jersey police officers were authorized to execute a federal arrest warrant in New York, and explicitly rejected the rationale that the New Jersey police effected an authorized citizen's arrest. However, the Appellate Division accepted the citizen's arrest ground for denying suppression, thus deciding the appeal on an issue on which the defendant had prevailed. Similarly, in *Concepcion*, the trial court denied suppression to defendant on "inevitable discovery" grounds, and expressly rejected the alternative rationale of "consent," while the Appellate Division denied suppression on that very basis.

In both *LaFontaine* and *Concepcion*, the Appellate Division upheld a denial of suppression on a ground that the trial court had "explicitly rejected" (*LaFontaine*, 92 NY2d at 473; *see also Concepcion*, 17 NY3d at 196 [Appellate Division upheld denial of suppression on a basis that Supreme Court had "squarely rejected"]). Because the ground upon which the Appellate Division affirmed had previously been decided in appellant's favor, we held that the Appellate Division should not have reached that issue.

Here, on the other hand, the trial court ruled that both the police officer's initial request for defendant's name and his inquiry after he realized that defendant had given him a false name were permissible under the first level of *De Bour* police intrusion, "[t]he minimal intrusion of approaching to request information" (*People v De Bour*, 40 NY2d 210, 223 [1976]), while the Appellate Division ruled that the initial request for defendant's name was permissible under the first level of *De Bour*, but that the officer's second inquiry was justified by a "founded suspicion that criminal activity is afoot" (*De Bour*, 40 NY2d at 223), the second level of *De Bour*.

What distinguishes this case from *LaFontaine* and *Concepcion* is that the trial court did not reach the rationale of the Appellate Division that the police officer had founded suspicion of criminal activity. Far from deciding the issue in defendant's favor, the trial court, insofar as it was of the view that the officer's second inquiry did not rise to the second level of *De Bour*, committed an error that if anything "adversely affected the appellant" (CPL 470.15 [1]).

The result today is that the case will be remitted to the trial court, which will no doubt read the Appellate Division's decision and deny suppression on *De Bour* second-level grounds, instead of first-level grounds. This is a pointless exercise.

In my view the Appellate Division's ruling here is consistent with CPL 470.15 (1), and I would reach the merits. Because I believe that defendant's arguments on appeal either lack merit or are unpreserved for our review, I would affirm the order of the Appellate Division.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and JONES concur in memorandum; Judge PIGOTT dissents and votes to affirm in an opinion in which Judge SMITH concurs.

Order reversed, etc.