[995 NE2d 128, 972 NYS2d 166]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY LAM, Appellant.

Argued April 24, 2013; decided June 11, 2013

**APPEARANCES OF COUNSEL**

*Steven Banks, Legal Aid Society*, New York City (*Martin M. Lucente* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Andrew E. Seewald* and *Eleanor J. Ostrow* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Term should be affirmed.

Defendant was convicted of unlicensed general vending, in violation of section 20-453 of the Administrative Code of the City of New York, for selling T-shirts in Union Square Park without a vendor's license. He argues that his conviction should be vacated because the vending of T-shirts containing artistic images was constitutionally protected expression.

Addressing a similar issue, the Second Circuit found that the relevant inquiry is whether the vendor is "genuinely and primarily engaged in artistic self-expression or whether the sale of such goods is instead a chiefly commercial exercise" (*Mastrovincenzo v City of New York*, 435 F3d 78, 91 [2d Cir 2006]). The court recognized that certain items, including apparel, could simultaneously contain potentially expressive and non-expressive components and, in that situation, a reviewing court must determine which purpose—expression or utility—is dominant (*see Mastrovincenzo*, 435 F3d at 95).

> "Where an object's dominant purpose is expressive, the vendor of such an object has a stronger claim to protection under the First Amendment; conversely, where an object has a dominant non-expressive purpose, it will be classified as a 'mere commercial good[ ],' the sale of which likely falls outside the scope of the First Amendment" (*Mastrovincenzo*, 435 F3d at 95).

Although Criminal Court may have overemphasized the fact that the T-shirts can be worn as apparel, the Appellate Term reasonably found that their dominant purpose was utilitarian. That court considered, among other factors, the way in which the shirts were displayed and their low, uniform selling price in coming to the conclusion that the T-shirts were primarily

commercial goods. We are unable to determine that this conclusion was error as a matter of law.*

Since the dominant purpose here was not expressive, it is unnecessary to determine whether the statute leaves open ample alternative channels of communication.

SMITH, J. (dissenting). But for the fact that the key evidence has been destroyed, this would be an interesting and important case. It raises the issue, considered by the Court of Appeals for the Second Circuit in *Bery v City of New York* (97 F3d 689 [2d Cir 1996]) and *Mastrovincenzo v City of New York* (435 F3d 78 [2d Cir 2006]), of the degree of First Amendment protection available to visual art that is sold commercially.

But we are unable to address that question in any useful way without looking at, or at least having a clear description of, the T-shirts that defendant was prosecuted for selling. The People, according to their brief, "have been informed by the New York Police Department Property Clerk's Office that the t-shirts were destroyed some time after trial," and the record contains neither a photograph nor a description of them. In light of that, I find it hard to understand how the Appellate Term decided that "Criminal Court was warranted in concluding that defendant's wares were mere commercial goods whose dominant purpose was utilitarian, and not expressive" (*People v Lam*, 34 Misc 3d 130[A], 2011 NY Slip Op 52327[U], *1 [App Term, 1st Dept 2011]), or how the majority decides that the Appellate Term's finding was reasonable (majority mem at 959). Presumably, both the Appellate Term and the majority are going on the theory that, since nothing in the appellate record contradicts Criminal Court's finding, the finding should be accepted.

Since it was the Police Department that destroyed the evidence, I would resolve the doubt in the opposite way, in defendant's favor. There is testimony from defendant that T-shirts allegedly similar to the ones on which his arrest was based were "a statement on the state of surveillance" and "about the Iraq War." (Pictures of these allegedly similar T-shirts were admitted into evidence but these pictures too have been lost, apparently by defendant or his counsel.) The testimony is ambiguous, but I

---

* We note that, although the T-shirts themselves were apparently destroyed some time after trial, defendant does not argue that their destruction was in bad faith or that he has been prejudiced by their loss. At trial he provided an exhibit consisting of drawings that were representative of the designs on the T-shirts he had been selling—an exhibit that likewise can no longer be found. He also testified concerning the subject matter of his work.

would draw the inference, in the absence of better proof, that the T-shirts expressed a clear political message, similar to the message on the jacket worn in *Cohen v California* (403 US 15 [1971]). On that assumption, it is surely not open to doubt that defendant's sale of the T-shirts was protected by the First Amendment and article I, § 8 of the New York Constitution. I would hold that the courts below erred in deciding otherwise.

Two other features of this case seem to me to call for comment. First, while I find much to admire in the Second Circuit's *Mastrovincenzo* opinion, I am not convinced—and we should not decide, in a case without a useful record—that we should accept its "dominant purpose" test (435 F3d at 95). Here, it does not matter what test is applied: the only issue is whether to assume the facts in the People's favor, as the majority apparently does, or in defendant's favor, as I think we should. Certainly, today's memorandum should not be viewed as committing us to follow *Mastrovincenzo*.

Secondly, I point out, but do not complain, that neither the Appellate Term nor today's majority has been punctilious in following the rule of *People v LaFontaine* (92 NY2d 470 [1998]). *LaFontaine* holds that neither an intermediate appellate court nor this Court may affirm a judgment in a criminal case "on a ground not decided *adversely* to the appellant by the trial court" (*People v Concepcion*, 17 NY3d 192, 195 [2011]). Criminal Court rejected defendant's First Amendment argument on the ground that "[t]he transferring of an artistic image to the T-shirt changed the art, the non-expressive purpose became dominant." Neither the Appellate Term nor the majority embraces this simple (and, I think, untenable) "a shirt is a shirt" rationale. The Appellate Term replaced it with what seems to be a balancing test, relying, unlike Criminal Court, on the manner in which the shirts were displayed and their price, and the majority expresses a preference for the Appellate Term's approach (majority mem at 959-960).

It is not clear to me why *LaFontaine* permits either the Appellate Term or the majority to proceed in this way; but I welcome the erosion of *LaFontaine*. This case confirms my belief that the *LaFontaine* rule is essentially unworkable (*see Concepcion*, 17 NY3d at 201-207 [Smith, J., dissenting]).

Finally, I express the hope that in future cases counsel and the Property Clerk will bear in mind that exhibits should not be destroyed while an appeal is pending.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge SMITH dissents in an opinion; Judge ABDUS-SALAAM taking no part.

Order affirmed, in a memorandum.