Carni and Lindley, JJ.
(dissenting). We respectfully dissent. We would reverse the judgment of conviction in appeal No. 1 and grant defendant a new trial, and vacate the resentence in appeal No. 2. In our view, Supreme Court erred in allowing the People to call a rebuttal witness whose testimony related solely to collateral matters. “It is well established that the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness’ answers concerning collateral matters solely for the purpose of impeaching that witness’ credibility” (People v Pavao, 59 NY2d 282, 288-289 [1983]; see People v Hanley, 5 NY3d 108, 112 [2005]). At the same time, however, “extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground” (People v Hudy, 73 NY2d 40, 56 [1988]). Thus, the People may call a rebuttal witness to provide testimony that is relevant to a defense witness’s bias or motive to fabricate, which is not collateral (see People v Anonymous, 96 NY2d 839, 840 [2001]).
Here, the People’s rebuttal witness was defendant’s ex-wife, who was called to rebut certain testimony offered by defendant’s sole witness, a former girlfriend who dated defendant from 1995 to 2003. The defense witness testified that she had a “wonderful” relationship with defendant’s children—the victim and her brother—and that she never witnessed defendant engage in any violent acts toward them. On cross-examination, *1427 the defense witness acknowledged that she had remained defendant’s friend and visited him frequently while he was in jail pending trial. She also acknowledged that she did not want to see anything bad happen to defendant.
Following the defense witness’s testimony, the People announced their intention to call the ex-wife as a rebuttal witness. Defense counsel objected and asked for an offer of proof. When the court asked the prosecutor what she expected from the ex-wife’s testimony, the prosecutor stated, “The [defense witness] testified specifically that she has been friends with the defendant the entire time, including the time after she broke up with him, and he was with [the rebuttal witness] up to the present date. I am calling the witness to rebut that statement that they were friends this entire time, because that’s not correct.” The court then asked, “That is the limited purpose, that they were or were not friends during that period; is that what you are saying?” The prosecutor responded, “That’s right.” The court allowed the rebuttal witness to testify over defendant’s objection. She proceeded to testify that she and defendant met in 2003, married in 2005 and separated in 2008. The rebuttal witness further testified that, to her knowledge, defendant did not have any contact with the defense witness after 2003.
We conclude that the court erred in allowing the rebuttal witness to testify because the limited purpose of her testimony, as stated by the prosecutor, was to rebut the defense witness’s testimony that she remained friends with defendant after they broke up in 2003. The fact that the defense witness was defendant’s friend was relevant to show that she may have had a bias for testifying on his behalf. The defense witness freely acknowledged, however, that she was defendant’s friend at the time of trial, and it was that very testimony that the prosecutor sought to rebut. The rebuttal witness’s testimony—that the defense witness did not have contact with defendant after 2003—served only to show that the defense witness was not being truthful when she testified that she and defendant remained friends. In our view, that constitutes impermissible impeachment testimony on a collateral matter. The fact that the defense witness was not one of defendant’s friends while he was married to the rebuttal witness, as the rebuttal witness testified, does not show that the defense witness was biased in favor of defendant. In fact, it tends to show the opposite.
We cannot agree with the majority that “the purpose of calling the rebuttal witness was to show that defendant and the defense witness were romantically involved at the time of trial.” As noted, the prosecutor stated that her purpose in calling the *1428 rebuttal witness was to show that the defense witness and defendant were not friends “that entire time,” as the defense witness had testified; the prosecutor did not say anything about seeking to show that the defense witness was romantically involved with defendant at the time of trial, and the rebuttal witness did not testify to that effect or even insinuate as much. In any event, the court’s ruling in allowing the rebuttal witness to testify was not based on the ground relied upon by the majority, and we therefore may not affirm on that basis (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 196 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]).
We agree with the People to the extent that they argue that defendant was not prejudiced by the rebuttal witness’s testimony. In fact, we are comfortable concluding that there is no “significant probability . . . that the jury would have acquitted the defendant had it not been for the error” (People v Crimmins, 36 NY2d 230, 242 [1975]; see People v Arafet, 13 NY3d 460, 468 [2009]). In order for the harmless error analysis to apply in the first instance, however, the proof of guilt must be “overwhelming” (Crimmins, 36 NY2d at 241; see Arafet, 13 NY3d at 468). As the Court wrote in Crimmins, “unless the proof of the defendant’s guilt, without reference to the error, is overwhelming, there is no occasion for consideration of any doctrine of harmless error. That is, every error of law (save, perhaps, one of sheerest technicality) is, ipso facto, deemed to be prejudicial and to require a reversal, unless that error can be found to have been rendered harmless by the weight and the nature of the other proof’ (id. at 241). In our view, the error here cannot be characterized as “one of sheer[ ] technicality” (id.). Because this case turned largely on the testimony of the victim, who did not report the crimes until more than eight years after they occurred, it cannot be said that the proof of guilt is overwhelming. We are thus constrained to conclude that defendant is entitled to a new trial notwithstanding that the jury almost certainly would have convicted him even without the rather innocuous rebuttal testimony.
Finally, we agree with the majority that none of defendant’s remaining contentions in appeal No. 1 has merit.
Present— Centra, J.P, Peradotto, Carni, Lindley and Whalen, JJ.