The People of the State of New York, Respondent,
against
Ousseynou Lam, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Matthew A. Sciarrino, J.), rendered November 2, 2011, convicting him, after a nonjury trial, of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Matthew A. Sciarrino, J.) rendered November 2, 2011, affirmed.
The court properly exercised its discretion in its Molineux (People v Molineux, 168 NY 264 [1901]) and Sandoval (People v Sandoval, 34 NY2d 371 [1974]) rulings. The evidence at issue, defendant's four prior acts of unlicensed general vending, was relevant to defendant's motive and intent, as well as tending to dispel the notion that there was an innocent explanation for his conduct (see People v Chi Yuan Hwang, 2 AD3d 245 [2003], lv denied 2 NY3d 738 [2004]). The potential for prejudice did not outweigh the probative value of this evidence (see People v Alvino, 71 NY2d 233, 242 [1987]). In a nonjury trial, the trial court, is presumed, by virtue of learning and experience, to have considered only the competent evidence adduced in reaching its determination (see People v Torres, 1 AD3d 621 [2003], lv denied 1 NY3d 602 [2004]).
Defendant's conviction for unlicensed general vending (see Administrative Code § 20-453) was supported by legally sufficient evidence and was not against the weight of the evidence, which showed that defendant, without a license, engaged in the conduct required for acting as a general vendor, by standing in a Union Square crosswalk as it began to rain, "right next to" a metal pushcart upon which he arranged and displayed umbrellas (see People v Lam, 34 Misc 3d 130[A], 2011 NY Slip Op 52327[U] [App Term, 1st Dept 2011], affd. 21 NY3d 958 [2013]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: January 20, 2017