The People of the State of New York, Respondent,
against
Daniel Barkley, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered July 22, 2013. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct. The appeal from the judgment of conviction brings up for review an order of the same court dated April 29, 2013 which, upon adopting the findings and recommendations of the hearing officer (Judith Levitt, J.H.O.), denied defendant's motion to suppress physical evidence.




ORDERED that the judgment of conviction is reversed, on the law, the plea of guilty and the order denying defendant's motion to suppress evidence are vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
The People charged defendant and two codefendants, in an information, with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]), and unlawful possession of marihuana (Penal Law § 221.05). Insofar as is relevant to this appeal, the accusatory instrument alleges that, on March 6, 2012, in an automobile stopped at the corner of Maple Parkway and Walloon Street in Richmond County, defendant possessed a "burnt marihuana cigarette" and a gravity knife.
At a Mapp hearing before a judicial hearing officer (Judith Levitt, J.H.O.) on defendant's motion to suppress the marihuana and the gravity knife, the arresting officer testified that, as he had initially approached the automobile, which he had stopped for a traffic infraction, he detected a strong odor of marihuana. Through the open front passenger window, he observed a nearly consumed marihuana cigarette on the vehicle's center console and arrested the occupants, including defendant, who was seated in the rear seat, for marihuana possession. A search of defendant produced a gravity knife. At the conclusion of the hearing, the People argued that the odor of marihuana justified the search of defendant (see People v Chestnut, 43 AD2d 260, 261 [1974] ["the smell of marihuana smoke, with nothing more, can be sufficient to provide police officers with probable cause to search an automobile and its occupants"], affd 36 NY2d 971 [1975]) and that defendant, properly arrested for marihuana possession on a theory of constructive possession, was lawfully searched incident thereto. The J.H.O. determined that the motion to suppress evidence should be denied, and the Criminal Court (Mario F. Mattei, J.) adopted the J.H.O.'s findings of fact and conclusions of law only to the extent that defendant's arrest and the search incident thereto were proper on the ground that defendant had constructively possessed the marihuana cigarette. The Criminal Court made no reference to the alternate basis [*2]to deny suppression urged by the People, namely, that the strong odor of marihuana justified the search.
On July 22, 2013, pursuant to a negotiated plea and sentencing agreement, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20) and was sentenced to a conditional discharge. On appeal, defendant contends that the hearing proof was insufficient to establish that he had constructively possessed the marihuana so as to justify defendant's arrest for marihuana possession and the subsequent search of his person, which disclosed a gravity knife. Defendant further argues that the People's alternative theory asserted at the suppression hearing, that the search was independently supported by Chestnut, may not be considered on this appeal (see People v Concepcion, 17 NY3d 192 [2011]; People v LaFontaine, 92 NY2d 470 [1998]).
In LaFontaine, the Court of Appeals construed CPL 470.15 (1) to preclude an appellate court from reviewing "an issue that was either decided in an appellant's favor or was not decided by the trial court" (People v Ingram, 18 NY3d 948, 949 [2012]; see Concepcion, 17 NY3d at 195; LaFontaine, 92 NY2d at 473-474). Here, in its decision, the Criminal Court made no reference to the propriety of the arrest for marihuana possession and the search of defendant on any basis other than that there was probable cause for defendant's arrest based on his constructive possession of marihuana. Thus, the Chestnut rule, that every passenger in an automobile may be searched where there is an odor of marihuana emanating from the vehicle, being "clearly separate and analytically distinct" (People v Garrett, 23 NY3d 878, 885 n 2 [2014]) from the constructive-possession analysis, is an alternate ground to sustain the search, not ruled upon by the Criminal Court (see LaFontaine, 92 NY2d at 474), and, in this respect, the ruling was not adverse to defendant (see CPL 470.15 [1]; People v Nicholson, 26 NY3d 813, 825-826 [2016] ["Where a trial court does not identify the predicate for its ruling, the Appellate Division acts appropriately in considering the import of the trial judge's stated reasoning. . . . (H)owever (an intermediate appellate court is prohibited from) render(ing) a decision on grounds explicitly different from those of the trial court"]; People v Ingram, 18 NY3d at 949 [the intermediate appellate court, in error, "resolved defendant's suppression application on a theory not reached by the suppression court"]). Thus, the search of defendant can only be sustained if, as the Criminal Court found, the search was incident to a lawful arrest based on defendant's constructive possession of the marihuana cigarette.
Upon a review of the record of the hearing, we find that the proof was insufficient to establish probable cause for defendant's arrest for possession of the marihuana cigarette. The statutory presumption of a knowing possession of controlled substances by every occupant in a vehicle, set forth in Penal Law § 220.25 (1), does not apply to marihuana, which, pursuant to Penal Law § 220.00 (5), is not a controlled substance (see People v Dan, 55 AD3d 1042, 1043-1044 and n 2 [2008]; People v Gabbidon, 40 AD3d 776, 777 [2007]). Thus, the prosecution of the counts of marihuana possession depended on a theory of defendant's constructive possession of the marihuana, which required the People to establish that defendant exercised the requisite degree of dominion and control over the area where the marihuana cigarette was located (Penal Law § 10.00 [8]; People v Manini, 79 NY2d 561, 573 [1992]; People v Glassman-Blanco, 42 Misc 3d 96, 98 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Defendant's presence in the vehicle, even with knowledge that the burnt remains of the cigarette lay on the console, is insufficient (see People v Burns, 17 AD3d 709, 710-711 [2005]). Merely because a rear seat passenger has the capacity, with the requisite effort, physically to access the interior of a vehicle does not mean that he or she actually exercises the requisite level of dominion and control over the particular area of the interior at issue (see People v Aveni, 100 AD3d 228, 244 [2012] [possession of trace amount of heroin in a bag discovered in a bedroom used by the defendant and others not constructively attributable to the defendant notwithstanding the defendant's "close proximity thereto when . . . taken into custody"]; cf. People v Carter, 60 AD3d 1103, 1105 [2009] [the defendant, a front seat passenger in an automobile, was lawfully arrested for possession of a marihuana cigarette located "in the open ashtray in the front console"]). Rather, there must be a specific showing that the burnt marihuana cigarette was "readily accessible" to [*3]the defendant (People v Hyde, 302 AD2d 101, 105 [2003]). Here, there was no testimony as to the configuration of the front and rear seats, e.g., whether bench or buckets, the console's location in the vehicle's interior, defendant's physical proximity thereto, and whether that proximity rendered the burnt cigarette readily accessible to him. Consequently, absent probable cause to arrest defendant for marihuana possession and to search defendant incident thereto, the marihuana and gravity knife must be suppressed. Since, without that evidence, the People would be unable to adduce legally sufficient evidence to prove defendant's guilt of the crimes charged, the accusatory instrument should be dismissed (see People v Graham, 134 AD3d 1047 [2015]; People v Loper, 115 AD3d 875 [2014]).
Accordingly, the judgment of conviction is reversed, the plea of guilty and the order denying defendant's motion to suppress evidence are vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: January 24, 2017