# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 80  SSM 13
The People &c.,
　　　　Respondent,
　　　v.
Rayheame Hill,
　　　　Appellant.

Submitted by Hector Gonzalez, for appellant.
Submitted by Shera Knight, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.  We conclude that, on this record, there is no basis to disturb the suppression determination.  Contrary to the dissent, the Appellate Division did not run afoul of our decision in People v LaFontaine (92 NY2d 470 [1998]) or its progeny (see People v Nicholson, 26 NY3d 813, 826 [2016]).

- 1 -

People v Rayheame Hill

SSM No. 13

FAHEY, J. (dissenting):

I would reverse the order of the Appellate Division and remit the matter to Supreme Court for further proceedings.

Defendant challenges the Appellate Division's determination of the question whether the illegal search of his belongings impermissibly tainted the subsequent searches

of a vehicle and of the apartment where defendant resided.  Defendant preserved this issue at Supreme Court, but that court, which held that defendant lacked standing to challenge the later searches, did not rule on the question.  Nevertheless, the Appellate Division, in affirming Supreme Court's order, explicitly reached the issue.  In doing so, the Appellate Division exceeded its jurisdiction.

CPL 470.15 (1), as interpreted by this Court, precludes the Appellate Division, in reviewing a judgment, sentence, or order of a trial-level criminal court, from considering an issue that was "not decided adversely to the appellant by the trial court" (People v Concepcion, 17 NY3d 192, 195 [2011]; see People v LaFontaine, 92 NY2d 470 [1998]).  The statute is "a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (LaFontaine, 92 NY2d at 474).  Moreover, in an appeal from an Appellate Division affirmance, CPL 470.35 (1) grants this Court no broader power than that of the Appellate Division (see Concepcion, 17 NY3d at 195; LaFontaine, 92 NY2d at 474).  Here, the issue on which defendant seeks reversal was decided by the Appellate Division in violation of CPL 470.15 (1), and our precedents prohibit us from affirming.  We are obliged to reverse and remit to Supreme Court (see People v Ingram, 18 NY3d 948, 949 [2012]).

In discussing CPL 470.15 (1) in People v Nicholson (26 NY3d 813 [2016]), we drew a contrast between two types of appeal.  In one category, the "trial court does not identify the predicate for its ruling" and the Appellate Division "consider[s] the record . . . to understand the context of the trial court's ultimate determination," ultimately affirming

on that ground (id. at 825). In the other type, the trial court identifies the rationales for its ruling and nevertheless the Appellate Division "renders a decision on grounds explicitly different from those of the trial court, or on grounds that were clearly resolved in a defendant's favor" (id. at 826). We explained that the latter situation is "the type of appellate overreaching prohibited by CPL 470.15 (1)" (id., citing Concepcion, 17 NY3d at 195). "[W]here the trial court's decision is fully articulated the Appellate Division's review is limited to those grounds" (id.).

The present case clearly falls into the category where the trial court's decision has discrete sections enabling an appellate court to discern which issues it has considered and decided, and yet the Appellate Division reviewed an issue that the trial court had not decided adversely to defendant, offering "an entirely distinct alternative ground for affirmance" (People v Garrett, 23 NY3d 878, 885, n 2 [2014]). If a suppression court writes a "fully articulated" decision adverse to a defendant (Nicholson, 26 NY3d at 826), but omits discussion of a particular issue raised by the defendant, our law mandates that an appellate court cannot resolve the issue and must remit. Whether our interpretation of CPL 470.15 (1), in LaFontaine and its progeny, is "undesirable from a policy point of view" (Concepcion, 17 NY3d at 202 [Smith, J., dissenting]) is a question for another day. LaFontaine is the law and, until such time as that precedent is overruled, "we are constrained by that decision, and . . . cannot be arbitrary in applying it" (People v Fernandez, 20 NY3d 44, 58 [2012] [Pigott, J., dissenting]).

* * * * * * * * * * * * * * * * *

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge DiFiore and Judges Stein, Garcia and Feinman concur. Judge Fahey dissents in an opinion in which Judges Rivera and Wilson concur.

Decided June 27, 2019