People v Morris (2019 NY Slip Op 07201)





People v Morris


2019 NY Slip Op 07201


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


953 KA 16-01617

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL MORRIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 9, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the first degree and assault in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [viii]; [b]) and assault in the first degree (§ 120.10 [1]), defendant contends that County Court erred in failing to grant that part of his postplea pro se motion seeking substitution of counsel. There is no indication in the record, however, that the court ruled on that part of the motion; i.e., the court neither granted nor denied it on the record before us. The Court of Appeals "has construed CPL 470.15 (1) as a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999] [emphasis added]; see People v Concepcion, 17 NY3d 192, 197-198 [2011]), and thus the court's failure to rule on the motion cannot be deemed a denial thereof. We therefore hold the case, reserve decision and remit the matter to County Court for a ruling on that part of defendant's postplea pro se motion (see generally People v Hallmark, 122 AD3d 1438, 1439 [4th Dept 2014]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court