The People of the State of New York, Respondent,
against
Michael Wilson, Appellant.




New York City Legal Aid Society (Richard Joselson of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Laura T. Ross and Nicole J. A. Reid of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Lenora Gerald, J., at plea; Dorothy Chin Brandt, J., at sentencing), rendered August 23, 2011. The judgment convicted defendant, upon his plea of guilty, of menacing in the second degree. The appeal from the judgment brings up for review the denial, without a hearing, of defendant's motion to withdraw his plea (see CPL 220.60 [3]; 340.20 [1]). By decision and order dated June 22, 2015, this court remitted the matter to the Criminal Court for a hearing and a report, and the appeal was held in abeyance in the interim (People v Wilson, 48 Misc 3d 129[A], 2015 NY Slip Op 50976[U]). The Criminal Court (Dorothy Chin Brandt, J.) has now filed its report.




ORDERED that the judgment of conviction is reversed, on the law, the order denying defendant's motion to withdraw his plea is vacated, the motion is granted, and the matter is remitted to the Criminal Court for all further proceedings. 
Defendant was charged with assault in the second degree (Penal Law § 120.05 [2]), menacing in the second degree (Penal Law § 120.14 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). The felony assault count was dismissed, and defendant pleaded guilty to menacing in the second degree with the promise of a one-year jail sentence. Prior to sentencing, defendant moved to withdraw his plea (see CPL 220.60 [3]; 340.20 [1]), alleging, insofar as is relevant here, that he had agreed to the plea because his attorney had given him [*2]incorrect information about the deportation consequences of the plea. The motion was denied, and defendant was sentenced in accordance with the plea.
In a prior decision in this case (People v Wilson, 48 Misc 3d 129[A], 2015 NY Slip Op 50976[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), this court, after rejecting defendant's other appellate arguments, noted that the Criminal Court had held that the record demonstrated the deficiency of defendant's attorney's performance at the plea (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708 [1998]), that the issue is therefore not reviewable on defendant's appeal (see CPL 470.15 [1]; People v LaFontaine, 92 NY2d 470 [1998]) and that, in any event, we would agree with the Criminal Court were we to review the issue. We held the appeal in abeyance and remitted the matter to the Criminal Court to hear and report on the second prong of the federal and state tests applicable to challenges to the voluntariness of a plea on the ground of the ineffective assistance of counsel (see Hill v Lockhart, 474 US 52, 59 [1985]; Strickland, 466 US 668; People v Caban, 5 NY3d 143 [2005]; Benevento, 91 NY2d 708). 
On remittitur, the Criminal Court decided, after a hearing, that defendant's motion to withdraw his plea should be granted. Upon a review of the transcript of the hearing and the Criminal Court's report on the hearing, we find that defendant demonstrated that he was prejudiced by his attorney's deficient performance at the plea and agree with the Criminal Court's conclusion. 
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to withdraw his plea is vacated, the motion is granted, and the matter is remitted to the Criminal Court for all further proceedings.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 4, 2019