People v Tates (2020 NY Slip Op 07405)





People v Tates


2020 NY Slip Op 07405


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-01416
 (Ind. No. 746/16)

[*1]The People of the State of New York, respondent,
v
Andrew Tates, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered January 22, 2019, convicting him of criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress a gun.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree and the sentence imposed thereon; as so modified, the judgment is affirmed, the determination denying that branch of the defendant's omnibus motion which was to suppress a gun recovered by the police is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with People v LaFontaine (92 NY2d 470, 474-475).
In the early morning hours of December 6, 2015, three police officers observed Jamal Foreman engaged in an altercation with a bouncer at a nightclub in Queens. The officers heard Foreman tell the bouncer that he had a "grip," or gun, in his car, and that he would "take [the bouncer] out." The officers followed Foreman to an SUV that was owned by the defendant. After observing Foreman close the door of the defendant's SUV, they confronted Foreman as the defendant and another man arrived at the vehicle. According to the officers, the three men began to make a scene, resulting in a large, unruly crowd gathering at the location. The officers then attempted to arrest the men for disorderly conduct. The defendant pushed against an officer, pulled away from his grasp, and fled, but was quickly apprehended nearby. The defendant's SUV was driven back to the precinct, where a gun subsequently was found in the trunk area.
Following a suppression hearing at which the People argued that the gun was properly recovered pursuant to an inventory search, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the gun. While the hearing court determined that the police seizure of the defendant's SUV was unlawful, thereby necessarily rendering any inventory search conducted at the precinct improper, the court nevertheless determined that the police had probable cause to search the SUV for a gun pursuant to the automobile exception to the search warrant requirement, a legal theory that was neither advanced nor relied upon by the prosecution at the [*2]suppression hearing. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree and resisting arrest.
We agree with the defendant that the Supreme Court erroneously denied that branch of his omnibus motion which was to suppress the gun recovered from his SUV. "On a motion to suppress evidence, the defendant bears the ultimate burden of proof, by a preponderance of the evidence, when challenging the legality of a search and seizure, but the People bear the initial burden of showing the legality of the police conduct" (People v Parker, 180 AD3d 1072, 1072; see People v Ravenell, 175 AD3d 1437, 1438). The People's current contention that the search of the defendant's SUV was proper under the automobile exception to the warrant requirement because the police had probable cause to believe that the SUV contained a weapon is improperly raised for the first time on appeal (see People v Geddes-Kelly, 163 AD3d 716, 717; People v Salvodon, 127 AD3d 1239, 1241). Indeed, the hearing record reveals that the prosecutor at the suppression hearing affirmatively conceded that the police lacked probable cause either to arrest the defendant for weapon possession at the scene or to search his vehicle for a weapon, and that the People were relying solely on the theory that the gun was recovered pursuant to a lawful inventory search after the SUV was removed from the location. This Court "cannot uphold conduct of the police, and thereby affirm a trial court's denial of suppression of evidence obtained pursuant to such conduct, on a factual theory not argued by the People before the trial court" (People v Nieves, 67 NY2d 125, 135-136; see People v Johnson, 64 NY2d 617, 619 n 2). Accordingly, the Supreme Court should not have denied the defendant's suppression motion on a theory not argued by the People, nor may the People properly raise that theory as a ground for affirmance on the present appeal.
As an alternative ground for upholding the suppression ruling, the People argue, as they did in the Supreme Court, that the recovery of the gun was lawful pursuant to a valid inventory search. However, because the Supreme Court decided the inventory search issue in the defendant's favor, this Court is precluded from reviewing that issue on the defendant's appeal (see CPL 470.15[1]; People v Ingram, 18 NY3d 948, 949; People v Concepcion, 17 NY3d 192, 196; People v LaFontaine, 92 NY2d at 474). Under the circumstances presented here, where we lack statutory authority to review an issue resolved in the appellant's favor at a suppression hearing, the Court of Appeals has instructed that the required remedy is to "reverse the denial of suppression and remit the case to [the] Supreme Court for further proceedings" with respect to that issue (People v LaFontaine, 92 NY2d at 474; see People v Ingram, 18 NY3d at 949; People v Concepcion, 17 NY3d at 201). Accordingly, we vacate the defendant's conviction of criminal possession of a weapon in the second degree and the sentence imposed thereon, vacate the determination denying that branch of the defendant's omnibus motion which was to suppress the gun, and remit the matter to the Supreme Court, Queens County, for further proceedings in accordance with People v LaFontaine (92 NY2d at 474-475) with respect to the inventory search issue only, if the People be so advised (see People v Thompson, 118 AD3d 922). Since there is no reasonable possibility that the evidence supporting the potentially tainted weapon possession count had a spillover effect on the conviction of resisting arrest, "granting suppression—if this is the decision reached by the trial court on remittal—would be harmless with respect to [the] defendant's conviction for [this] other crime," and, thus, the conviction of resisting arrest may stand (People v Concepcion, 17 NY3d at 196).
The defendant's contention that the evidence was legally insufficient to support his conviction of resisting arrest is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Barnett, 163 AD3d 700, 701). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of resisting arrest beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict convicting the defendant of resisting arrest is not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the trial court's jury charge is unpreserved for appellate review (see CPL 470.05[2]).
The defendant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court