People v Lopez (2025 NY Slip Op 01299)

People v Lopez

2025 NY Slip Op 01299

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Ind No. 368/18|Appeal No. 3834-3834A|Case No. 2023-04493|

[*1]The People of the State of New York, Respondent,
v
Justin Lopez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael Obus, J.), rendered June 14, 2018, as amended August 17, 2018, convicting defendant, upon his guilty plea, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of four years, and order, same court (Thomas Farber, J.), entered on or about June 24, 2022, which denied defendant's motion to set aside his sentence pursuant to CPL 440.20, unanimously affirmed.
We cannot review the People's argument that defendant voluntarily waived his right to challenge the trial court's determination that his Vermont conviction for conspiracy to sell drugs was the equivalent of a New York felony for predicate sentencing purposes as it was not resolved adversely to defendant in the trial court (see People v Lafontaine, 92 NY2d 470, 473-474 [1998]; CPL 470.15[1]).
On the merits, we find that defendant's Vermont conviction of conspiracy sale or delivery of regulated drugs, heroin (see 13 VSA § 1404[a][b][c][5]), was the strict equivalent of a conviction in New York of conspiracy to commit criminal sale of a controlled substance in the third degree (see Penal Law §§ 105.10[1], 220.39[1]; see generally People v Helms, 30 NY3d 259 [2017]). We reject defendant's contention that under Vermont law, unlike New York Law, a defendant could have been convicted even if a defendant only conspired to attempt to transfer a regulated drug. Because an attempt in New York requires proof of intent to commit the relevant crime (see Penal Law § 110.00), a charge of the attempted crime or the completed crime is identical for predicate sentencing purposes. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025