People v Ingram

2026 NY Slip Op 03369

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jamel Ingram, Defendant-Appellant.

Decided and Entered: May 28, 2026

Ind No. 3488/19|Appeal No. 6744|Case No. 2022-01162, 2025-02693|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jacquelyn Shelton of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Anne E. Scherzer, J.), rendered March 8, 2022, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him, as a second violent felony offender, to a term of 13 years; and order, same court and Justice, entered on or about March 25, 2025, denying defendant's motion to set aside the sentence pursuant to CPL 440.20, unanimously affirmed.

Defendant waived his argument that pursuant to Erlinger v United States (602 US 821 [2024]) he was entitled to a jury determination regarding whether tolling for prior periods of incarceration brought his predicate violent felony conviction within the 10-year lookback period provided for in Penal Law § 70.04(1)(b)(iv) and (v), by freely admitting to the tolling periods set forth in the second violent felony offender statement (see People v Gomez, 236 AD3d 603, 604-605 [1st Dept 2025], lv denied 43 NY3d 1045 [2025]). Moreover, in People v Young ( — AD3d —, 2026 NY Slip Op 02883, *4-*5 [1st Dept 2026]), this Court decided that Erlinger v United States (602 US 821 [2024]), does not apply to New York's tolling provision.

Defendant's argument that this Court is barred from affirming his conviction on the grounds of waiver or harmless error by People v LaFontaine (92 NY2d 470 [1998]) and CPL 470.15(1) is unavailing. CPL 470.15 is inapplicable to either of these grounds because neither "involve[es] [an] error or defect in the criminal court proceedings."

Defendant's argument that he did not "freely admit" to the tolling determination because "he was only asked about disputing 'any charge' in the predicate statement" is also unavailing. While it is preferable for a court to inquire about the allegations in the predicate statement, as opposed to the charges, and therefore clearly including the allegations regarding tolling, they amount to the same thing in this case. The meaning of "charge" is not limited to a criminal charge, and indeed, "allegation" is synonymous of "charge." Even more significant here is the context. First, the clerk inquired whether defendant disputed any of the "charges," which, under defendant's interpretation, would result in a mismatch between the plural — charges — and the single criminal conviction alleged in the statement. Second, a valid second violent felony offender adjudication turns on admission to a conviction, not a charge. Finally, the charges inquiry occurred immediately after the clerk's listing of the five periods of incarceration alleged in the statement. In these circumstances, the clerk's use of the term "charge" does not undermine the conclusion that defendant declined to controvert the listed periods of incarceration.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026