Matter of People ex rel. LaBrew v Vance (2021 NY Slip Op 01951)





Matter of People ex rel. LaBrew v Vance


2021 NY Slip Op 01951


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 451228/20 02744/19 Appeal No. 13456-13456A Case No. 2020-02772 

[*1]In the Matter of People ex rel. Lawrence P. LaBrew, on Behalf of Marvin Hayes, Petitioner-Appellant,
v
New York County District Attorney Cyrus Vance, Jr., by Assistant District Attorney Lauren Breen, et al., Respondents-Respondents. 


Law Office of Lawrence LaBrew, New York (Lawrence P. LaBrew of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lauren Breen of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Ruth Pickholz, J.), entered on or about May 6, 2020, which denied the petition for a writ of habeas corpus, unanimously affirmed, without costs. Appeal from order, same court (Ellen N. Biben, J.), entered on or about March 17, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Petitioner claims that he is entitled to immediate release on bail, or on his own recognizance, pursuant to CPL 30.30(2)(a), on the ground that the People were allegedly not ready for trial within 90 days. However, petitioner's failure to submit records relevant to the contested periods that he claims were chargeable to the People precludes appellate review (see e.g. People v Kramer, 181 AD2d 449, 449-50 [1st Dept 1992], lv denied 79 NY2d 949 [1992]).
Alternatively, insofar as petitioner's arguments are reviewable, we find that his habeas petition was properly denied. The court properly excluded the 36-day "period after the decision on the omnibus motion as a reasonable period of delay resulting from motion practice, since the People were entitled to a reasonable time to prepare for the suppression hearings ordered therein" (People v Moolenaar, 262 AD2d 60, 60 [1st Dept 1999], lv denied 94 NY2d 826 [1999] [citation omitted]). As for the subsequent periods at issue, the People complied with their obligations under recently enacted CPL 245.50, and petitioner failed to establish that the People's off-calendar certificate of readiness was invalid (see People v Brown, 28 NY3d 392, 399-400, 407 [2016]). Furthermore, regardless of whether the People declared their readiness, the adjournments of February 4 and 27, 2020 were excludable based on defense counsel's consent, or actual engagement on trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021