People v Freeman (2021 NY Slip Op 50470(U))

[*1]

People v Freeman (Joel)

2021 NY Slip Op 50470(U) [71 Misc 3d 138(A)]

Decided on May 24, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570017/21

The People of the State of New York,
Appellant, 
against
Joel Freeman, Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York, Bronx
County (Jeanine R. Johnson, J.), dated March 12, 2020, which granted defendant's motion to
dismiss the accusatory instrument pursuant to CPL 30.30.

Per Curiam.
Order (Jeanine R. Johnson, J.), dated March 12, 2020, reversed, on the law, the accusatory
instrument is reinstated, and the matter is remanded for further proceedings on defendant's
speedy trial motion consistent herewith.
Defendant was arraigned on the misdemeanor complaint on July 17, 2019 and, pursuant to
CPL 30.30(1)(b), the People had 90 days to be ready for trial. The People concede on this appeal
that they are properly chargeable with 80 days of delay up until December 10, 2019, and an
additional 5 days between January 9, 2020 and January 14, 2020, for a total of 85 days of
includable time. The People argue, however, that in granting defendant's CPL 30.30 motion,
Criminal Court erroneously charged them with 9 days of delay for January 1, 2020 to January 9,
2020. We agree and, therefore, reverse.
As is relevant here, on December 11, 2019, the People answered ready but defense counsel
was actually engaged. At defendant's request, the matter was adjourned to January 9, 2020. Thus,
the entire adjournment period from December 11, 2019 to January 9, 2020 was excludable as an
adjournment at defendant's request pursuant to CPL 30.30(4)(b), notwithstanding that CPL
30.30(5) became effective on January 1, 2020. Contrary to the conclusion reached below, CPL
30.30(5), which requires that "[a]ny statement of trial readiness must be accompanied or
preceded by a certification of good faith compliance with the disclosure requirements of [CPL]
section 245.20" (CPL 30.30[5]), did not retroactively vitiate the People's statement of readiness
made on December 11, 2019 or affect the excludability of adjournments granted "on defense
counsel's consent, or actual engagement on trial" (People ex rel. LaBrew v Vance, 192
AD3d 645 [2021]; see People v Jaquez, 2021 NY Slip Op 21097 [Sup Ct, NY [*2]County 2021]). When the period of January 1 to January 9 is
excluded, the chargeable time is 85 days, which is under the statutory period of 90 days (see
CPL 30.30[1][b]).
However, defendant's speedy trial motion also challenged 10 days of time between January
14 and January 24, 2020. Criminal Court did not rule on the issue and we may not reach it under
CPL 470.15 (see People v LaFontaine, 92 NY2d 470 [1998]). The matter is therefore
remitted to Criminal Court for a determination.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 24, 2021