People v Brown (2021 NY Slip Op 50965(U))

[*1]

People v Brown (Kareem)

2021 NY Slip Op 50965(U) [73 Misc 3d 131(A)]

Decided on October 12, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 12, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570012/21

The People of the State of New York,
Appellant
against
Kareem Brown, Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York, Bronx
County (Wanda L. Licitra, J.), dated July 9, 2020, which granted defendant's motion to dismiss
the accusatory instrument pursuant to CPL 30.30.

Per Curiam.
Order (Wanda L. Licitra, J.), dated July 9, 2020, reversed, on the law, defendant's speedy
trial motion denied, and accusatory instrument reinstated.
Defendant was arraigned on the misdemeanor complaint on May 4, 2019 and, pursuant to
CPL 30.30(1)(b), the People had 90 days to be ready for trial. The People concede on this appeal
that they are properly chargeable with 56 days of delay up until May 4, 2019, an additional 10
days between January 24, 2020 and February 3, 2020, and 13 days from February 27, 2020 to
March 11, 2020, for a total of 79 days of includable time. The People argue, however, that in
granting defendant's CPL 30.30 motion, Criminal Court erroneously charged them with 23 days
of delay for January 1, 2020 to January 24, 2020. We agree and, therefore, reverse.
As is relevant here, on November 25, 2019, the People answered ready but defense counsel
was actually engaged. At defendant's request, the matter was adjourned to January 24, 2020.
Thus, the entire adjournment period from November 25, 2019 to January 24, 2020 was
excludable as an adjournment at defendant's request pursuant to CPL 30.30(4)(b),
notwithstanding that CPL 30.30(5) became effective on January 1, 2020. Contrary to the
conclusion reached below, CPL 30.30(5), which requires that "[a]ny statement of trial readiness
must be accompanied or preceded by a certification of good faith compliance with the disclosure
requirements of [CPL] section 245.20" (CPL 30.30[5]), did not retroactively vitiate the People's
statement of readiness made on November 25, 2019 or affect the excludability of adjournments
granted "on defense counsel's consent, or actual engagement on trial" (Matter of People ex rel. LaBrew v
Vance, 192 AD3d 645 [2021]; see People v Freeman, 71 Misc 3d 138[A], 2021 NY Slip Op
50470[U] [App Term, 1st Dept 2021]; People v Jaquez, 71 Misc 3d 1110 [Sup Ct, NY County 2021]).
When the period of January 1 to January 24 is excluded, the chargeable time is 79 days, which is
under the statutory period of 90 days.
Defendant's argument that the court erred in failing to charge the People for the period
between February 3, 2020 and February 27, 2020, is an unpreserved, alternate ground for
affirmance, which we may not consider on the People's appeal (see CPL 470.15[1];
People v LaFontaine, 92 NY2d 470, 474 [1998]; see also People v Concepcion, 17 NY3d 192 [2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 12, 2021