People v Reynoso (2022 NY Slip Op 50002(U))

[*1]

People v Reynoso (Andy)

2022 NY Slip Op 50002(U) [73 Misc 3d 148(A)]

Decided on January 4, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 4, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570131/21

The People of the State of New
York, Appellant,
against
Andy Reynoso,
Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York,
Bronx County (Wanda L. Licitra, J.), dated January 13, 2021, which granted defendant's
motion to dismiss the accusatory instrument pursuant to CPL 30.30.

Per Curiam.
Order (Wanda L. Licitra, J.), dated January 13, 2021, reversed, on the law, the
accusatory instrument is reinstated, and the matter is remanded for further proceedings on
defendant's speedy trial motion consistent herewith.
Defendant was arraigned on the misdemeanor complaint on November 4, 2019 and,
pursuant to CPL 30.30(1)(b), the People had 90 days to be ready for trial. The People
concede on this appeal that they are properly chargeable with 42 days of delay for the
period between November 4, 2019 and December 16, 2019 and 40 days from January 15,
2020 to February 24, 2020, for a total of 82 days of includable time. The People argue,
however, that in granting defendant's CPL 30.30 motion, Criminal Court erroneously
charged them with 15 days of delay for January 1, 2020 to January 15, 2020. We agree
with the People in part and conclude that the period January 1 to January 13, 2020 should
have been excluded from speedy trial calculations.
As is relevant here, on November 25, 2019, the People still lacked a supporting
deposition and were not ready for trial. The case was adjourned to January 13, 2020 for
conversion. On December 16, 2019, the People filed with the court and served on
defense counsel an off-calendar superseding information, supporting deposition and
statement of readiness, thereby stopping the speedy trial clock. Thus, the period from
December 16, 2019 to January 13, 2020 was excludable, notwithstanding that CPL
30.30(5) became effective on January 1, 2020. Contrary to the conclusion reached below,
CPL 30.30(5), which requires that "[a]ny statement of trial readiness must be
accompanied or preceded by a certification of good faith compliance with the disclosure
requirements of [CPL] section 245.20," did not retroactively vitiate the People's
statement of readiness made on December 16, 2019 (see People v Brown, 73 Misc 3d 131[A], 2021 NY Slip Op
50965[U][App Term, 1st Dept 2021]; People v Freeman, 71 Misc 3d 138[A], 2021 NY Slip Op
50470[U] [App Term, 1st Dept 2021], appeal withdrawn 37 [*2]NY3d 1027 [2021]; People v Jaquez, 71 Misc 3d 1110 [Sup Ct, NY County
2021]). When the period of January 1 to January 13 is excluded, the chargeable time is
84 days, which is within the statutory period of 90 days.
However, because Criminal Court limited its decision to this one period, finding it
dispositive, and did not rule on any issue with respect to the includability or excludability
of any other adjournment raised by defendant in the underlying speedy trial motion, we
may not reach those issues under CPL 470.15 (see People v LaFontaine, 92
NY2d 470, 474 [1998]; see also People v Freeman, 2021 NY Slip Op 50470[U]).
As per defendant's request, the matter is therefore remitted to Criminal Court for a
determination of the outstanding issues raised in defendant's motion to dismiss.
We have considered the People's remaining arguments and find them to be without
merit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 4, 2022