People v Duffus (2022 NY Slip Op 50210(U))

[*1]

People v Duffus (Mark)

2022 NY Slip Op 50210(U) [74 Misc 3d 133(A)]

Decided on March 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570003/22

The People of the State of New
York, Appellant,
against
Mark Duffus, Respondent.

The People appeal from an order of the Criminal Court of the City of New York,
Bronx County (Margaret W. Martin, J.), dated January 13, 2021, which granted
defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30.

Per Curiam.
Order (Margaret W. Martin, J.), dated January 13, 2021, reversed, on the law, the
accusatory instrument reinstated, and the matter is remanded for further proceedings.

The motion court's conclusion that 97 days were chargeable to the People was error.
Twenty-eight of the days charged result from an adjournment, December 16, 2019 -
January 29, 2020, where, notwithstanding the People's specific request for 14 days (to
December 30, 2019), the court adjourned the matter to January 29, 2020. It is well settled
that once the People answer ready, as they did here on August 27, 2019, their subsequent
adjournment requests are chargeable to them only for the actual period they requested (see People v Alvarez, 117
AD3d 411 [2014], lv denied 23 NY3d 1059 [2014]; People v Rivera,
223 AD2d 476 [1996], lv denied 88 NY2d 852 [1996]). Thus, notwithstanding
the People's erroneous concession of 15 days (see People v Ali, 209 AD2d 227
[1994], lv denied 85 NY2d 905 [1995]), the entire period from December 30,
2019 to January 29, 2020 was excludable.
CPL 30.30(5), which became effective on January 1, 2020, and requires that "[a]ny
statement of trial readiness must be accompanied or preceded by a certification of good
faith compliance with the disclosure requirements of [CPL] section 245.20," does not
warrant a contrary result. The new statute does not affect the applicability of the
exclusions contained in CPL 30.30(4) (see People v Reynoso, 73 Misc 3d 148[A], 2022 NY Slip
Op 50002[U][App Term, 1st Dept 2022]; People v Brown, 73 Misc 3d 131[A], 2021 NY Slip Op
50965[U][App Term, 1st Dept 2021], lv denied 37 NY3d 1145 [2021]; People v Freeman, 71 Misc 3d
138[A], 2021 NY Slip Op 50470[U] [App Term, 1st Dept 2021], appeal
withdrawn 37 NY3d 1027 [2021]; People v Jaquez, 71 Misc 3d 1110 [Sup Ct, NY County
2021]), including the excludability of post-readiness adjournments (beyond the specific
period requested by the People) occasioned by the unavailability of the court due to court
congestion (see People v [*2]Figueroa, 15 AD3d 914 [2005]).
Although we find unpersuasive the People's claim that they are entitled to a 15-day
"grace period" from January 1 through January 15 to comply with the new statute, when
the entire period of January 1 to January 29 is excluded, the chargeable time is 69 days,
which is within the statutory period of 90 days.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 22, 2022