People v Torres (2022 NY Slip Op 03214)





People v Torres


2022 NY Slip Op 03214


Decided on May 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 


Ind. No. 1158/18 Appeal No. 15949 Case No. 2020-01871 

[*1]The People of the State of New York, Respondent,
v
David Torres, Defendant-Appellant.


Green & Willstatter, White Plains (Richard D. Willstatter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Steven M. Statsinger, J. at first speedy trial motion and motion to reargue; Michael J. Obus, J. at second speedy trial motion, jury trial and sentencing), rendered February 21, 2020, convicting defendant of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 16 years, unanimously affirmed.
Defendant's initial and subsequent speedy trial motions were properly denied. We find that only 175 days are includable.
Defendant challenges an adjournment from June 18 to July 24, 2019, of which the court only included the period up to July 2. On June 18, the People, who had previously been ready, requested July 2, a date on which the court was not available.
Defendant argues that when the People requested July 2, they were effectively requesting July 23 because there were only three working days beginning July 2, which was not enough for hearings and trial, after which the People expected to be unavailable for 15 days from July 8 to 22. Thus, defendant argues, the court should have included the full 36-day period from June 18 to July 24, rather than only the 14 days from June 18 to July 2. This argument is unpreserved because defendant raised a different argument before the motion court (see People v Newland, 138 AD3d 611 [1st Dept 2016], lv denied 28 NY3d 934 [2016]), and we decline to review it in the interest of justice. As an alternative holding, we find that the time was properly excluded. The People stated that they would be ready on July 2, the court's unavailability on the People's requested date prompted the additional adjournment, and defendant did not sustain his burden of showing that this postreadiness adjournment occurred under circumstances that should be charged to the People (see People v Brown, 28 NY3d 392, 404 [2016]), or that their statement of readiness was illusory (see People v England, 84 NY2d 1, 4-5 [1994]).
To the extent defendant challenges the period from December 12, 2019 to January 8, 2020, we find that this period was properly excluded. On January 1, 2020, during the first adjournment, the new discovery laws went into effect, which require, among other things, that for speedy trial purposes, any statement of trial readiness must be preceded or accompanied by a certificate of good faith compliance with the disclosure requirements of CPL 245.20 (see CPL 30.30[5]). This certificate shall confirm that the People have provided the statutorily required discovery, "except for any items or information that are the subject of an order pursuant to section 245.70," which includes protective orders (CPL 245.50[1]). Initially, we find that defendant's argument that the court should have charged the entire period from December 12, 2019 to January 8, 2020 is unpreserved because he only challenged the period from January 1 to 8, 2020. In any event[*2], we find that the court properly deemed the entire period excludable because it was granted at defendant's request or with his consent (CPL 30.30[4][b]). Defendant argues that the period from January 1 to 8, 2020 is nevertheless chargeable because the People did not immediately comply with the new discovery law when it went into effect on January 1, 2020. However, where a defendant has previously consented to an adjournment, the entire period is excluded, regardless of the new law taking effect during that period (Matter of People ex rel. LaBrew v Vance, 192 AD3d 645 [1st Dept 2021]; People v Brown, 73 Misc 3d 131[A], 2021 NY Slip Op 50965[U] [App Term, 1st Dept 2021], lv denied 37 NY3d 1145 [2021]; People v Freeman, 71 Misc 3d 138[A], 2021 NY Slip Op 50470[U] [App Term, 1st Dept 2021], appeal withdrawn 37 NY3d 1027 [2021]).
The period from January 8 to 14, 2020 was also excludable. The certificate of compliance the People filed on January 8 was not proper because they filed it before obtaining a ruling on their motion for a protective order, filed at the same time. However, the ensuing period, when the People obtained a ruling and filed a second certificate after complying with that ruling, is excludable under CPL 30.30(4)(a), as a "reasonable period of delay resulting from . . . pretrial motions" (Matter of People ex rel. Farbman v Brann, 197 AD3d 1054, 1054 [1st Dept 2021]). Nothing in the record suggests that the second certificate was improper or filed in bad faith. The People complied with the court's order, including by disclosing the criminal history of certain prosecution witnesses. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022