People v Wright (2022 NY Slip Op 50430(U))

[*1]

People v Wright (Deshawn)

2022 NY Slip Op 50430(U) [75 Misc 3d 130(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-486 N CR

The People of the State of New York,
Appellant,
against
Deshawn Lee Wright, Respondent. 

Nassau County District Attorney (Yael V. Levy and Autumn S. Hughes of counsel), for
appellant.
Thomas R. Villecco, for respondent.

Appeal from an order of the District Court of Nassau County, First District (Colin F.
O'Donnell, J.), dated June 17, 2021. The order granted defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, and defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds is denied. 
Defendant was charged, in an information, with reckless endangerment in the second degree
(Penal Law § 120.20) and endangering the welfare of a child (Penal Law § 260.10 [1]).
Defendant was arraigned on January 9, 2020, and the People filed a certificate of readiness for
trial on December 15, 2020. In April 2021, defendant moved to dismiss the accusatory
instrument on the ground that his statutory right to a speedy trial had been violated. By order
dated June 17, 2021, the District Court granted defendant's motion, finding that a total of 114
days were chargeable to the People. The People appeal, contending that they were improperly
charged with the 35 days from November 10, 2020 to December 15, 2020 which were excludable
under CPL 30.30 (4) (f) from speedy trial calculations due to the failure of defense counsel to
appear for a conference held on November 10, 2020. We agree.
The People were required to announce their readiness for trial within 90 days of the
commencement of the action, as each of the offenses charged was a class A misdemeanor (see
CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Once a
defendant has shown the existence of a delay greater than 90 days, the burden of showing that
certain periods of time should be excluded falls on the People (see People v Brown, 28
NY3d 392, 403 [2016]; People v Luperon, 85 NY2d 71, 81 [1995]; People v
Berkowitz, 50 NY2d 333, 349 [1980]). "CPL 30.30 (4) (f) excludes the period of delay when
[the] defendant is without counsel through no fault of the court, and this provision has been held
to exclude adjournments predominantly [*2]caused by defense
counsel's failure to appear on a scheduled court date, irrespective of the People's lack of
readiness" (People v Reed, 19 AD3d
312, 318 [2005] [citation omitted]; see People v Bahadur, 41 AD3d 239, 240 [2007]; People v
Mannino, 306 AD2d 157, 158 [2003]; People v Brown, 195 AD2d 310, 311 [1993]).

It is undisputed that a conference was held on November 10, 2020, during which neither
defendant nor defense counsel appeared, and the court adjourned the matter to January 26, 2021.
Under the circumstances presented, the 35-day period from November 10, 2020 to December 15,
2020, the date the People filed their statement of readiness, should be excluded in computing the
90-day period within which the People had to be ready for trial. When these 35 days are deducted
from the 114 days that the District Court found were chargeable to the People, only 79 days
remain. 
Accordingly, the order is reversed and defendant's motion to dismiss the accusatory
instrument on statutory speedy trial grounds is denied. 
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022