People v Galante (2023 NY Slip Op 23096)

[*1]

People v Galante (Joseph)

2023 NY Slip Op 23096

Decided on March 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2021-438 S CR

The People of the State of New York, Appellant,
against
Joseph Galante, Respondent. 

Suffolk County District Attorney (Glenn Green, Edward A. Bannan and Shiry Gaash of counsel), for appellant.

Suffolk County Legal Aid Society (Genevieve M. Cahill of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (John James Andrews, J.), dated June 24, 2021. The order granted the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds is denied, and the matter is remitted to the District Court for a determination of the remaining branches of defendant's motion.
The People filed an accusatory instrument on September 19, 2020 charging defendant with forcible touching (Penal Law § 130.52 [1]). On the same day, defendant was issued a desk appearance ticket to appear before the District Court for arraignment on October 9, 2020. On October 9th, the court appointed temporary counsel to represent defendant for arraignment and a plea of not guilty was entered. The court advised defendant that he should retain counsel and adjourned the matter to November 9, 2020 to allow defendant to do so. On November 9th, after defendant stated that he could not afford an attorney, the court appointed the Suffolk County [*2]Legal Aid Society to represent defendant and adjourned the matter to December 9, 2020. On December 9th, the matter was adjourned to January 22, 2021. On January 8, 2021, the People filed a certificate of compliance (CoC) (see CPL 245.50 [1]) that included a statement of readiness (SoR), but did not include a certification of the facial sufficiency of the accusatory instrument pursuant to CPL 30.30 (5-a). On January 22, 2021, the People filed a second CoC and SoR, not including a CPL 30.30 (5-a) certification, and the matter was adjourned to March 3, 2021, upon defense counsel's request, for defense counsel to review discovery provided by the People. On February 1, 11, and 23, 2021, the People filed additional CoCs and SoRs; only the February 23rd filing included a CPL 30.30 (5-a) certification. On March 3, 2021, the matter was adjourned for defendant to file a pretrial motion.
On March 18, 2021, defendant filed an omnibus motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds; to strike the People's January 8, January 22, February 1, February 11, and February 23, 2021 CoCs; and, in the event the action was not dismissed, to compel the People to provide Brady, Rosario, Sandoval, and Molineux/Ventimiglia material. The People opposed. By order dated June 24, 2021, the District Court granted the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds. The court, upon concluding that "exclusions [under CPL 30.30 (4)] are only available after the People have already filed their Certificate of Compliance and have announced their readiness for trial," found the 137-day period from October 9, 2020 to February 23, 2021 chargeable. The court also found that the People's CoCs filed before February 23, 2021 were invalid on the ground that they lacked certifications pursuant to CPL 30.30 (5-a).
Since defendant was charged with a class A misdemeanor, the People were required to be ready for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]). The action commenced on October 9, 2020, when defendant first appeared in court on the desk appearance ticket (see CPL 30.30 [7] [b]; People v Stirrup, 91 NY2d 434 [1998]). Contrary to the District Court's analysis of the issue, the exclusions that the People argue are applicable here—CPL 30.30 (4) (b) and (f)—apply regardless of whether the People have filed a CoC and announced ready (see People v Cortes, 80 NY2d 201, 208 [1992]; Matter of People ex rel. LaBrew v Vance, 192 AD3d 645, 645 [2021]; People v Huger, 167 AD3d 1042, 1043-1044 [2018]; People v Wright, 75 Misc 3d 130[A], 2022 NY Slip Op 50430[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Duffus, 74 Misc 3d 133[A], 2022 NY Slip Op 50210[U] [App Term, 1st Dept 2022]).[FN1]
Therefore, the 31-day period from October 9 to November 9, 2020 [*3]is excludable because "defendant [was] without counsel through no fault of the court" (CPL 30.30 [4] [f]; see People v Greene, 134 AD2d 612, 612 [1987]) and the 32-day period from January 22 to February 23, 2021 is excludable on consent by defendant (see CPL 30.30 [4] [b]; People v Kopciowski, 68 NY2d 615, 617 [1986]; People v Robinson, 171 AD2d 475, 478 [1991]). The exclusion of these periods brings the People within the applicable 90-day statutory limit since only 74 days are chargeable to the People from November 9, 2020 to January 22, 2021 (see People v Liotta, 79 NY2d 841, 843 [1992]). Thus, the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds should have been denied.
We note that CPL 30.30 (5-a) provides that "a statement of readiness shall not be valid unless the prosecuting attorney certifies that" the accusatory instrument is facially sufficient. The plain language of CPL 30.30 (5-a) indicates that the statute concerns the validity of SoRs, not CoCs. Therefore, it was error for the District Court to find that the People's pre-February 23rd CoCs were invalid pursuant to CPL 30.30 (5-a). This court cannot review defendant's discovery claims in the current posture of this case (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]). Thus, the matter must be remitted to the District Court for a determination of the remaining branches of defendant's motion, including the branch seeking to strike the People's CoCs, which determination must be based on the ground raised by defendant in his motion, i.e., the People's alleged failure to meet their discovery obligations.
In view of the foregoing, we need not reach the remaining issues raised on appeal with respect to CPL 30.30 (5-a).
Accordingly, the order is reversed, the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds is denied, and the matter is remitted to the District Court for a determination of the remaining branches of defendant's motion.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 30, 2023

Footnotes

Footnote 1: The Appellate Division, Second Department, held in People ex rel. Ferro v Brann (197 AD3d 787, 787-788 [2021]), "The current statutory framework of CPL 245.10 abolishes the prior mechanism for obtaining discovery through serving a demand upon the People and instead requires that the People provide the discovery listed in CPL 245.20 automatically within the deadlines established therein. As discovery demands are now defunct, the exclusion provided for in [CPL 30.30 (4) (a)] is no longer applicable to the period of time when the defendant is waiting for discovery to be provided by the People" (internal quotation marks and citation omitted). The court's holding in Ferro limiting the applicability of the CPL 30.30 (4) (a) exclusion does not affect our analysis in this case, as the People do not argue that the CPL 30.30 (4) (a) exclusion applies to any of the periods of delay at issue.