People v Pagan (2023 NY Slip Op 23400)

[*1]

People v Pagan (Edwin)

2023 NY Slip Op 23400

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2021-188 S CR

The People of the State of New York, Appellant,
against
Edwin A. Pagan, Respondent. 

Suffolk County District Attorney (Sharyn Gitter of counsel), for appellant.
Perini & Hoerger (Maureen Hoerger and Keith O'Halloran of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (John James Andrews, J.), dated March 5, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
On June 6, 2019, defendant was arraigned on an accusatory instrument charging him with forcible touching (Penal Law § 130.52 [1], a class A misdemeanor), and the People announced that they were ready for trial. On November 15, 2019, the case was adjourned to January 6, 2020, at the request of defense counsel. In December 2020, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that more than 90 days of delay were chargeable to the People for the time period of January 1, 2020 to September 30, 2020. The People opposed the motion. By order dated March 5, 2021, the District Court (John James Andrews, J.) granted defendant's motion, finding, among other things, that CPL article 245 "has abolished the requirement of a discovery demand and obligates that the People automatically comply with the statute within prescribed time frame. Since discovery demands are now defunct, the exclusion provided in CPL § 30.30 (4) (a) is no longer applicable." On appeal, the People contend, among other things, that the District Court improperly charged them with more than 90 days of delay, misconstrued the effect of CPL article 245, and improperly found that the CPL 30.30 (4) (a) exclusion no longer applies. 
Pursuant to CPL 30.30 (1) (b), the People had 90 days from the filing of the accusatory instrument on June 6, 2019 to announce their readiness for trial. The relevant time periods at bar are January 1, 2020 to March 20, 2020, March 20th to September 14, 2020, and September 14th to September 30, 2020. We will not consider defendant's argument that the People were chargeable with the time subsequent to September 30th as that time period was not addressed in [*2]his speedy trial motion or in the District Court's order (see People v Beasley, 16 NY3d 289, 292-293 [2011]).
As of January 1, 2020, the newly enacted CPL 30.30 (5) states, in pertinent part, that "Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20 of this chapter." CPL 245.50 (3) provides, in pertinent part, that "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section." 
On November 15, 2019, defense counsel requested an adjournment to 2020, and the case was adjourned to January 6, 2020. The People argue that all time from November 15th to January 6th is excludable pursuant to CPL 30.30 (4) (b) as an adjournment requested by the defense. Defendant argues, among other things, that the speedy trial clock was reset on January 1, 2020, and the People had no grace period within which to file a certificate of compliance (CoC). The District Court charged the People with the 5-day time period from January 1st to January 6th. 
With respect to the effect of CPL 245.50 (3) on pending prosecutions in which the People had previously announced their readiness for trial, "the People were placed in a state of nonreadiness on January 1, 2020, the effective date of CPL article 245, as a matter of law, [where] no [certificate of compliance] had been filed as of that date" (People v King, 216 AD3d 1400, 1405 [2023] [internal quotation marks omitted]; see People v Elmore, 211 AD3d 1536, 1537 [2022]; People v Robbins, 206 AD3d 1069, 1071 [2022]; People v Torres, 205 AD3d 524, 525 [2022]). However, "where a defendant has previously consented to an adjournment, the entire period is excluded, regardless of the new law taking effect during that period" (Torres, 205 AD3d at 525-526; see Matter of People ex rel. LaBrew v Vance, 192 AD3d 645 [2021]; People v Brown, 73 Misc 3d 131[A], 2021 NY Slip Op 50965[U], *1 [App Term, 1st Dept 2021], lv denied 37 NY3d 1145 [2021]). In the case at bar, since the case was adjourned to January 6, 2020 at the request of defense counsel, the People were not chargeable with the time period of January 1, 2020 to January 6th (see Torres, 205 AD3d at 525-526; Vance, 192 AD3d at 645; Brown, 2021 NY Slip Op 50965[U], *1).
The People argue that they were not chargeable with the time periods of January 6, 2020 to January 15, 2020 and January 15th to February 14, 2020 because these periods were excludable pursuant to CPL 30.30 (4) (a) as a reasonable period of time within which to comply with their discovery obligations. The People concede that they were chargeable with all remaining time to March 20, 2020. 
Under the new statute which took effect on January 1, 2020, article 240 of the Criminal Procedure Law was repealed and replaced with article 245 which provides, in part, that discovery must be served "as soon as practicable" but not later than a specified number of calendar days after the defendant's arraignment, and the People's obligation may be extended for up to 30 calendar days, without the need for a motion, for "materials [which] are exceptionally voluminous or, despite diligent, good faith efforts, are otherwise not in the actual possession of [*3]the prosecution" (CPL 245.10 [1] [a]).[FN1]
Once the People have provided the defense with the required discovery, CPL 245.50 (1) requires that the People "serve upon the defendant and file with the court a certificate of compliance." 

The language of the new statute clearly provides no grace period for the People to complete their discovery obligations and file a CoC, as it relates to making a statement of readiness which can only be done after a CoC is submitted. In People ex rel. Ferro v Brann (197 AD3d 787, 788 [2021]), the Appellate Division, Second Department, held that "[a]s discovery demands are now defunct, the exclusion provided for in [CPL 30.30 (4) (a)] is no longer applicable to the period of time when the defendant is waiting for discovery to be provided by the People."

In the case at bar, on January 6, 2020 and January 15, 2020, the People did not file a CoC, and, on January 15th, the prosecutor requested a 30-day extension of time to file discovery because there were "additional documents that we may need to turn over as per the new discovery statute." The District Court granted the request and adjourned the case to February 11, 2020, even though the People failed to show that the discovery materials were exceptionally voluminous or, despite diligent, good faith efforts, the materials were not in the People's actual possession (see CPL 245.10 [1] [a]). Since the CPL 30.30 (4) (a) exclusion is no longer applicable to the period of time when a defendant is waiting for discovery to be provided by the People (see Brann, 197 AD3d at 788), the time period of January 6, 2020 to February 11, 2020 was chargeable to the People, and since the People concede that they were chargeable with all remaining time to March 20, 2020, a total of 74 days of delay was chargeable to the People for the time period of January 6th to March 20th.[FN2]

The People argue that no time was chargeable to them for the time period of March 20, 2020 to September 15, 2020, as speedy trial time was suspended and did not resume until petit criminal jury trials reconvened in Suffolk County, which, the People assert, did not occur until September 15, 2020. Defendant argues that such trials reconvened on September 9, 2020, not September 15th. 

Executive Order 202.8 (9 NYCRR 8.202.8), dated March 20, 2020, tolled the application of CPL 30.30 from the date of the order, and that order was extended several times. On September 4, 2020, Executive Order 202.60 (9 NYCRR 8.202.60) was issued which stated that "The suspension of Section 30.30 of the Criminal Procedure law, is hereby modified to require that speedy trial time limitations remain suspended in a jurisdiction until such time as petit criminal juries are reconvened in that jurisdiction." Both parties appeared in court on September 14, 2020, for the first time since February 11, 2020, on which date the People did not file a CoC. While the People alleged that petit criminal jury trials reconvened in the District Court, Suffolk County, on September 15, 2020, they provided no support to substantiate their claim. Defendant asserted in his motion papers that such trials reconvened on September 9, 2020, and, for the first time on appeal, annexed copies of memoranda from the Office of the District Administrative Judge of the Unified Court System, Suffolk County, in support of his September 9th argument.

The exercise of our authority to review the record and to determine legal questions relating to the chargeability of speedy trial time "compels a complete recalculation of chargeable time" (People v Salgado, 27 AD3d 71, 75 [2006]; see People v Mena, 29 AD3d 349, 350 [2006]; People v Larkins,62 Misc 3d 147[A], 2019 NY Slip Op 50218[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; cf. People v LaFontaine, 92 NY2d 470 [1998]). Once defendant sufficiently alleged that the People were not ready within the statutory period, it is the People's burden to show their entitlement to a statutory exclusion (see People v Brown, 28 NY3d 392, 403 [2016]; People v Luperon, 85 NY2d 71, 81 [1995]), which they failed to do with respect to the date petit criminal jury trials reconvened in the District Court of Suffolk County. As it is uncontroverted that the People did not file their CoC and statement of readiness until September 30, 2020, we find that the 21-day time period of September 9, 2020 to September 30th was chargeable to the People.

In view of the foregoing, we find that more than 90 days of delay were chargeable to the People, and the District Court properly granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

Accordingly, the order is affirmed.

EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 7, 2023

Footnotes

Footnote 1:CPL 245.10 (1) (a) originally specified that discovery must be served within 15 calendar days. It was then amended, effective May 3, 2020, to provide that discovery must be served within 20 calendar days if the defendant is in custody (see CPL 245.10 [1] [a] [i]), or within 35 calendar days if the defendant is not in custody (see CPL 245.10 [1] [a] [ii]).

Footnote 2:Although the People use the date of February 14, 2020 in their speedy trial time calculations—which they state is 30 days from January 15, 2020 when the District Court granted their 30-day extension request—the appropriate date is February 11, 2020, the actual adjourned date chosen by the court. This three-day difference, however, is of no import since the People failed to file a CoC on February 11th, on which date they requested a two-week adjournment and, therefore, the time from February 11th to February 14th was also chargeable to the People.~~