People v Ramsingh (2024 NY Slip Op 51231(U))

[*1]

People v Ramsingh

2024 NY Slip Op 51231(U)

Decided on September 10, 2024

District Court Of Nassau County, First District

Montesano, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2024
District Court of Nassau County, First District

The People of the State of New York,

against
Robbie Ramsingh, Defendant(s)

Index No. CR-005231-24/NA

Scott A. Banks, Nassau County Legal Aid Society; 
Anne T. Donnelly, Nassau County District Attorney

Michael A. Montesano, J.

Papers Considered:
Notice of Omnibus Motion 1
Affirmation and Memorandum of Law in Opposition to Defendant's Motion 2
Defendant's Affirmation in Reply to People's Opposition 3
Defendant is charged in an information with Menacing in the Second Degree (Penal Law ["PL"]§ 120.14[1]) due to an incident that allegedly occurred on December 9, 2023 at approximately 10:40 P.M. at 2400 Hempstead Turnpike in Elmont, New York. Defendant's omnibus motion is determined as follows.
Initially, defendant moves to dismiss the charges as facially insufficient. An information is sufficient on its face when 1) it substantially conforms to the requirements of CPL 100.15; 2) the factual allegations contained within it, along with any supporting depositions, provide reasonable cause to believe that the defendant committed the charged offense; and 3) it alleges non-hearsay facts of an evidentiary nature establishing, if true, each element of the charged offense and the defendant's commission thereof (CPL 100.40[1]; People v Vonancken, 27 Misc 3d 132[A] [App Term, 9th & 10th Jud Dists 2010]).
In considering a motion to dismiss for facial insufficiency, the court must view the allegations in the light most favorable to the People (People v Jennings, 69 NY2d 103, 114 [1986]). Furthermore, the court's review is limited to determining whether or not the allegations, as stated in the information, establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt (id.; People v Henderson, 92 NY2d 677 [1999]). Where the allegations contained in the information give an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (People v Casey, 95 NY2d 354, 360 [2000]).
According to PL §120.14(1), and as applicable here, a person is guilty of Menacing in the Second Degree when "he . . . intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver . . . . or other firearm." [*2]Penal Law §10.00(13) defines "dangerous instrument" as "any instrument, article or substance. . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury."
Here, the factual part of the accusatory instrument alleges that the complainant and defendant "were engaged in a verbal argument regarding the parking situation at the UBS arena parking lot." The deponent officer states that he was informed by the complainant, who was seated in his vehicle, that defendant, who was in a "Mike's towing" tow truck at the location, approached him on the driver's side of his vehicle and pulled out what appeared to be a black handgun. It is further alleged that the defendant proceeded to shove the gun into the complainant's rib stating "I'll put a hot one in you' and 'If I see you again I'll violate you' putting [the complainant] in fear of his personal safety."
These allegations are based upon the complainant's supporting deposition, the deponent officer's investigation, his viewing of video footage of the alleged incident taken by the complainant, and the oral statement of admission made to him by defendant, in which the latter stated "I was at UBS Arena, and I had an argument with the cab driver."
Furthermore, the complainant's supporting deposition establishes that he is an Uber driver. In addition to the allegations set forth in the information, the complainant states that he was stopped at the Uber pick up zone when defendant approached him. He further alleges that a verbal altercation ensued regarding the complainant's parking at the location. After leaving the location and returning, the complainant states that he "took [his] phone out to record the incident at this point I was approached by [defendant] who now from his hip pulled out a black semi automatic gun, racked it, walked up to my window and shoved the gun into my ribs, which was putting me in fear of my safety."
Based upon the foregoing, this court determines that the information is facially sufficient, as the factual allegations contained within it and the annexed supporting deposition of the complainant, sufficiently allege the elements of the charged crime and defendant's commission of it. As such, defendant's motion to dismiss the charge of Menacing in the Second Degree (PL§120.14[1]), is denied.
Defense counsel's motion to dismiss the charge under CPL 30.30(5-a) is also denied, in light of this court's determination that the charged offense is facially sufficient.
Turning now to the remainder of the omnibus motion, defendant moves for, among other things, an order pursuant to CPL 245.20 and 245.50, deeming the People's Certificate of Compliance (hereinafter "COC") and Certificate of Readiness (hereinafter "COR"), filed on June 11, 2024, invalid due to their failure to disclose certain discoverable items; and consequently, dismissing the charges on speedy trial grounds.
Section 245.20(1) of the CPL requires the prosecutor to disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." The statute then enumerates a non-exhaustive list of materials subject to disclosure (see People v Lewis, 72 Misc 3d 686 [Crim Ct, Kings County 2021]).
After the People have complied with their obligation to provide discovery, CPL 245.50(1) requires that the prosecutor: 
"shall serve upon the defendant and file with the court a certificate of compliance. The certificate of compliance shall state that, after exercising due diligence and making [*3]reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery. It shall also identify the items provided. If additional discovery is subsequently provided prior to trial pursuant to section 245.60 of this article, a supplemental certificate shall be served upon the defendant and filed with the court identifying the additional material and information provided. No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article."
Whether the People have complied with their statutorily prescribed discovery obligations, "is measured by a tally of the known and existing material, after the 'exercising [of] due diligence and making [of] reasonable inquiries to ascertain [its] existence' (CPL 245.50 [1])" (People v Aquino, 72 Misc 3d 518, 525 [Crim Ct, Kings County 2021]). Thus, "[i]f the People establish that they exercised due diligence and acted in good faith in filing their certificate, their certificate of compliance shall be deemed valid" (People v Salters, 72 Misc 3d 1219(A)[Nassau Dist Ct 2021]). However, as explained by the Court of Appeals in People v Bay, (-NY3d-, 2023 NY Slip Op 06407 [2023]), "the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of due diligence." Thus, "[w]here, the "People fail to set forth their efforts to locate items of discovery or determine that they do not exist, or the efforts they describe do not amount to due diligence, their certificate may be invalidated" (People v Perez, 73 Misc 3d 171, 177 [Sup Ct, Queens County 2021]). 
"In CPL Article 245, the Legislature provided numerous opportunities for the People to seek accommodation or relief regarding untenable discovery difficulties in any particular case" (People v Pennant, 73 Misc 3d 753, 767 [Nassau Dist Ct 2021], citing People v Williams, 72 Misc 3d 1214[A][ Crim Ct, New York County 2021]). However, the People may not "file a certificate of compliance in which they claim to have exercised due diligence and turned over 'all known material and information,' (CPL §245.50[1]), while at the same time not actually turning over all known material and information, without the express permission of the court'" (People v Pennant, 73 Misc 3d at 767, citing People v Adrovic, 69 Misc 3d 563, 574 [Crim Ct, Kings County 2020]). 
Here, defendant was arraigned on March 27, 2024. The People filed their COC and COR on June 11, 2024. In moving to invalidate, defense counsel argues that the People failed to disclose a Crime Victim Advocate contact info questionnaire "CVA," detention video, and color photos used in the photo array, as required under CPL 245.20(1)(e), CPL 245.20 (1)(g), and CPL 245.20(1)(h). Defense counsel further claims that invalidation is warranted as the People failed to comply with their discovery obligations under CPL 245.20(1)(k), by filing an Order to Show Cause for a protective order on the same day they filed their COC and COR.
In opposition, the People argue that they declared readiness for trial in good faith and abided by their discovery obligations under CPL 245.20. Specifically, the People aver that the only information contained in the CVA was the complainant's name, which they already turned over. The People further state that they cannot provide color photos as they do not exist. With respect to the detention video, the People argue that disclosure is not warranted under the statute, and moreover, defendant was charged for acts that occurred on December 9, 2023, and was not incarcerated until March 27, 2024. Thus, the People contend that as the video has no relevance to [*4]the subject matter of the case, it is not discoverable. The People, however, do not address the issue of the timing of their application for a protective order.
Based upon the foregoing, and under the particular circumstances here, the court determines no basis to invalidate under CPL 245.20(1)(e), (1)(g), and (1)(h). However, the court finds that the filing of the People's COC and COR on the same date they filed their Order to Show Cause, prior to obtaining a ruling on their application, renders their COC dated June 11, 2024 invalid (see People v Torres, 205 AD3d 524 [App Div, 1st Dept 2022). Accordingly, that branch of defendant's motion for an order deeming the People's COC and COR, invalid, is granted.
Turning now to defendant's motion to dismiss on speedy trial grounds, it is well settled that speedy trial time begins to run on the day following commencement of the criminal action (see People v Stiles, 70 NY2d 765 [1987]; see also People v De Cruze, 36 Misc 3d 1217[A] [Crim Ct, Kings County 2012]). According to CPL 30.30(1)(b), a motion made pursuant to CPL 170.30(1)(e) "must be granted where the people are not ready for trial within "ninety days of the commencement of a criminal action wherein," as here, "a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." As the aforementioned charge is a misdemeanor, punishable by imprisonment of more than three (3) months, the People were required to declare readiness within 90 days of the commencement of the action in order to survive dismissal.
Furthermore, "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20" (CPL 30.30[5]). Suffice it to say, discovery compliance is a condition precedent to a valid announcement of readiness for trial (see People v Gonzalezyunga, 71 Misc 3d 1210[A] [Nassau Dist Ct 2021]; People v Lobato, 66 Misc 3d 1230(A) [Crim Ct, Kings County 2020]; People v Mashiyach, 70 Misc 3d 456 [Crim Ct, Kings County 2020]). Moreover, "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending," the People cannot be deemed ready for trial unless they have filed a proper certificate of compliance (see CPL 245.50[3]).
Here, defense counsel alleges that the entire period from March 27, 2024, the date of defendant's arraignment, to July 9, 2024, is chargeable to the People. In opposition, the People concede the (76) day period from March 27, 2024, to June 11, 2024, the date they filed their COC and COR, as chargeable to them. As such, the People are charged with (76) days for this time period.
The parties do not dispute that the adjournment from June 11, 2024 to June 20, 2024, was for the court to render a decision of the People's Order to Show Cause. Thus, this nine (9) day period is not chargeable to the People under CPL 30.30(4)(a). The People, in their opposition, however, do not address the period from June 20, 2024 to July 9, 2024. As such, this (20) day period is chargeable to them.
Accordingly, this court determines that a total of (96) days are chargeable to the People. As the People have exceeded the time to declare trial readiness pursuant to CPL 30.30(1)(b), defendant's motion to dismiss on speedy trial grounds, is hereby granted.
So Ordered.
________//s//________
Michael A. Montesano
DISTRICT COURT JUDGE
Dated: September 10, 2024